**Electronically Filed
Intermediate Court of Appeals
30662
23-MAY-2013
10:29 AM**

NO. 30662

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MITCHELL K. KURODA, obo AMBER S. KURODA, a minor,
Petitioner-Appellee,
v.
HOWARD SETH KEITH PECK, Respondent-Appellant.


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-DA NO. 10-1-0942)


SUMMARY DISPOSITION ORDER
(By: Reifurth and Ginoza, JJ., with Leonard, Presiding Judge,
concurring and dissenting separately)

Respondent-Appellant Howard Seth Keith Peck (Peck) appeals from the July 12, 2010 Order for Protection by the Family Court of the First Circuit[1] (family court) granting Petitioner-Appellee Mitchell K. Kuroda's (Kuroda) "Petition for an Order for Protection on Behalf of a Family or Household Member" to prohibit Peck from, *inter alia*, contacting Kuroda's minor child Amber (Minor) and coming within a hundred yards of Minor's place of residence and school. The Order of Protection is in effect until November 2018, when Minor reaches the age of eighteen. Minor was nine years old at the time of the proceedings in the family

---

[1] The Honorable Wilson M.N. Loo presided.

court, and according to evidence in the record, she is diagnosed as autistic.

On appeal, Peck contends that the family court erred by: (1) permitting Kuroda's hearsay testimony as to Minor's statements; (2) prohibiting cross-examination inquiry into the area of Minor's suggestibility; (3) admitting Kuroda's Exhibit 7, consisting of two photographs; and (4) denying Peck's counsel's request to call additional witnesses. Additionally, Peck contends that he was denied a fair trial due to the professional misconduct of Kuroda's counsel.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised therein, we resolve Peck's appeal as follows:

In his first point of error, Peck contends the family court erred in permitting Kuroda to give hearsay testimony concerning statements made to Kuroda by Minor that Peck had caused the injury on Minor's back. Specifically, Kuroda testified that, while changing Minor's clothes in the morning on June 11, 2010, he noticed a scab about the size of a nickel and bruising in the area below her right shoulder blade. When Kuroda's counsel asked Kuroda whether Minor told him how the injury had occurred, Peck's counsel objected on hearsay grounds. The objection was overruled. Kuroda then testified that Minor told him "[m]ommy and papa were arguing[,]" that when Minor says "papa" she is referring to Peck, and that Minor further told Kuroda that "he" (apparently meaning Peck) had hit her with his hand. Kuroda further testified that he had asked Minor if it hurt and did she cry, and she told him it hurt and that she cried.

"Where admissibility of evidence is determined by application of the hearsay rule, there can only be one correct

result, and the appropriate standard for appellate review is the right/wrong standard." State v. Fitzwater, 122 Hawai'i 354, 362, 227 P.3d 520, 528 (2010) (citation and internal quotation marks omitted). Moreover, the family court's decision should be affirmed if it is deemed correct, regardless of the reasoning or lack of reasoning articulated by the family court. See State v. Taniguchi, 72 Hawai'i 235, 240, 815 P.2d 24, 26 (1991) ("[W]e have consistently held that where the decision below is correct it must be affirmed by the appellate court even though the lower tribunal gave the wrong reason for its action."); Reyes v. Kuboyama, 76 Hawai'i 137, 140, 870 P.2d 1281, 1284 (1994). We conclude, however, that based on the record in this case, it was not proper to admit Kuroda's testimony regarding Minor's statements to him.

As noted by Peck on appeal, the family court summarily overruled Peck's hearsay objection and there was no discussion or further consideration of the hearsay issue related to Kuroda's testimony. Significantly, however, this was the only testimony implicating Peck as having caused Minor's injury. Thus, it appears from the record that this testimony was hearsay, that is, "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Hawai'i Rules of Evidence (HRE) Rule 801. "Generally, because hearsay is not subject to the same safeguards as are present during in-court testimony before a factfinder, hearsay is inadmissible at trial, unless it qualifies as an exception to the rule against hearsay." State v. Apilando, 79 Hawai'i 128, 131, 900 P.2d 135, 138 (1995) (citation, internal quotation marks, and brackets omitted).

Kuroda argues on appeal that perhaps there were non-hearsay purposes for which Kuroda's testimony was admitted, but makes no credible argument based on the record in this case and

3

does not cite any authority in this regard. Moreover, although Kuroda argues there may be hearsay exceptions, generally, he does not assert any particular exception as applicable in this case.

As noted in Peck's opening brief, there is a hearsay exception pursuant to HRE 804(b)(6) for a statement of a child, which provides that:

> (b) Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> . . .
>
> (6) Statement by child. A statement made by a child when under the age of sixteen, describing any act of sexual contact, sexual penetration, or physical violence performed with or against the child by another, if the court determines that the time, content, and circumstances of the statement provide strong assurances of trustworthiness with regard to appropriate factors that include but are not limited to: (A) age and mental condition of the declarant; (B) spontaneity and absence of suggestion; (C) appropriateness of the language and terminology of the statement, given the child's age; (D) lack of motive to fabricate; (E) time interval between the event and the statement, and the reasons therefor; and (F) whether or not the statement was recorded, and the time, circumstances, and method of the recording. If admitted, the statement may be read or, in the event of a recorded statement, broadcast into evidence but may not itself be received as an exhibit unless offered by an adverse party[.]

We agree with Peck that, given the record in this case, the requirements for the hearsay exception under HRE 804(b)(6) were not established. As Peck contends, the family court did not consider, and made no determination, that the "time, content, and circumstances of the statement provide strong assurances of trustworthiness," and the court did not consider any of the factors set forth in the rule. Moreover, the record is insufficient for this court to conclude that the necessary trustworthiness of the hearsay statement was established. Additionally, the record does not establish or show that Minor was "unavailable as a witness." HRE 804(a) and (b). Unavailability is a threshold requirement for the hearsay

exception under HRE 804(b)(6). HRE 804(b); See also Apilando, 79 Hawai'i at 141, 900 P.2d at 148. "Unavailability as a witness" includes a situation in which the declarant "[i]s unable to be present or to testify at the hearing because of . . . then existing physical or mental illness or infirmity[.]" HRE 804(a)(4). Although there is evidence that Minor has been diagnosed as autistic, there was no explicit consideration as to her ability to testify. A showing as to her unavailability is required for the hearsay exception under HRE 804(b)(6) to apply.

In sum, Kuroda does not assert and it does not appear that any exception to the hearsay rule was established to allow Kuroda's challenged hearsay testimony. The family court thus erred in admitting Kuroda's hearsay testimony regarding Minor's statements to him. There was no other evidence relating Minor's injury to Peck and therefore the order for protection cannot stand.[2]

In light of the above, we conclude that the July 12, 2010 Order for Protection must be vacated. However, we remand for a new trial because it is unclear from the record whether Minor could have testified about the alleged incident. If so, Kuroda could have introduced Minor's testimony rather than relying on evidence that was admitted by the family court but which is now determined on appeal to be incompetent. Harrell v. W.B. Lloyd Constr. Co., 266 S.E.2d 626, 630 (N.C. 1980) (where evidence at trial was determined on appeal to be incompetent to establish a claim, a new trial was properly granted by the appellate court because "[h]ad it not been for the erroneous admission of the incompetent evidence in the first place, plaintiff might well have introduced other, competent evidence of the same import[.]"); Midgett v. Nelson, 192 S.E. 854 (N.C.

_____

[2] Given our ruling on Peck's first point of error, we need not reach his further points of error.

1937); cf. In re Estate of Nakuapa, 3 Haw. 400 (Haw. Kingdom 1872).

Therefore,

IT IS HEREBY ORDERED that the July 12, 2010 Order for Protection entered by the Family Court of the First Circuit is vacated. This case is remanded to the family court for further proceedings.

DATED: Honolulu, Hawai'i, May 23, 2013.


On the briefs:

Steven J. Kim
(Law Office of Steven J. Kim)
for Respondent-Appellant

Gregory Ryan
Shannon Parrott
(Law Office of Gregory Ryan, LLLC)
for Petitioner-Appellee

Associate Judge

Associate Judge